UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER R.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL,[2] Commissioner of Social Security Administration, <br><br> Defendant. | Case No. 5:19-cv-00394-JC <br><br> MEMORANDUM OPINION AND ORDER OF REMAND |

## I.  SUMMARY

On March 1, 2019, plaintiff Walter R. filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits.  The parties have consented to proceed before the undersigned United States Magistrate Judge.

---

[1] Plaintiff's name is partially redacted to protect his privacy in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Andrew Saul is hereby substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this action.

1

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; March 5, 2019 Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On November 16, 2015, plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging disability beginning on June 1, 2014, due to stenosis of the spine, sleep deprivation, neuropathy, ADHD, and bipolar disorder.[3] (AR 197, 204, 210, 212, 250). Plaintiff later alleged a new condition, "sc[h]izoaffective bipolar nonconsildate [sic] mixed severe systematiz [sic]," beginning on June 30, 2016. (AR 311). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert. (AR 38-63).

On May 4, 2018, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 20-32). Specifically, the ALJ found: (1) plaintiff suffered from the severe impairments of stenosis of the lumbar spine; neuropathy; major depressive disorder; adjustment disorder; bipolar I disorder; schizoaffective disorder; and anxiety (AR 22); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 23); (3) plaintiff retained the residual functional capacity to perform light work (20

---

[3]Plaintiff requested withdrawal of his disability claim on November 24, 2015 due to his intent to continue working, but requested reinstatement of his claim on February 5, 2016. (Administrative Record ("AR") 215, 217).

C.F.R. §§ 404.1567(b) and 416.967(b)) with additional limitations[4] (AR 25); (4) plaintiff could not perform any past relevant work (AR 30); (5) plaintiff could perform jobs that exist in significant numbers in the national economy, such as mail sorter, bench assembler, and swatch clerk (AR 30-31); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely consistent with or supported by the evidence of record (AR 28-29).

On January 8, 2019, the Appeals Council denied plaintiff's application for review. (AR 1-6).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted); 20 C.F.R. §§ 404.1505(a), 416.905. To be considered disabled, a claimant must have an impairment of such severity that he is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

---

[4]The ALJ also determined that plaintiff (i) could frequently climb ramps and stairs; (ii) could never climb ladders, ropes or scaffolds; (iii) could frequently balance, stoop, kneel or crouch; (iv) could occasionally crawl; (v) could have no concentrated exposure to extreme cold, hazards such as moving machinery or unprotected heights or pulmonary irritants such as dust, gases, fumes, poor ventilation etc.; (vi) could occasionally interact with supervisors, co-workers and the general public; (vii) required a sit-stand option, changing positions once per hour for ten minutes while remaining on task; and (viii) could perform simple repetitive tasks. (AR 25).

3

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

### B. Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. See Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (defining "substantial evidence" as "more than a mere scintilla, but less than a preponderance") (citation and quotation marks omitted). When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted). Hence, while an ALJ's decision need not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record. Brown-Hunter, 806 F.3d at 492 (citations omitted). When a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

**IV. DISCUSSION**

Plaintiff contends that the ALJ erred in accepting the vocational expert's testimony that plaintiff could perform other work. (Plaintiff's Motion at 5-11). Specifically, plaintiff argues that (1) the ALJ's residual functional capacity assessment limiting plaintiff to simple repetitive tasks conflicts with the State agency opinion limiting plaintiff to "simple one to two step (unskilled) tasks," which the ALJ failed to explain (Plaintiff's Motion at 6-7); (2) the ALJ failed to resolve a conflict between the Dictionary of Occupational Titles and the testimony

of the vocational expert regarding the alternative work of bench assembler (Plaintiff's Motion at 7-8); and (3) the alternative work identified by the vocational expert are Reasoning Level 2 and 3 jobs, which conflicts with a limitation to simple one to two step (unskilled) tasks (Plaintiff's Motion at 8-9). The Court agrees that a remand is warranted.

### A. Pertinent Law

In order to evaluate whether a claimant is able to adjust to other work that exists in significant numbers at step five, an ALJ must first determine the claimant's residual functional capacity ("RFC"). RFC represents "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). When assessing RFC, an ALJ must evaluate "on a function-by-function basis" how particular impairments affect a claimant's abilities to perform basic physical, mental, or other work-related functions. SSR 96-8p at *1 (citing, in part, 20 C.F.R. §§ 404.1545, 416.945). An ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of a claimant's subjective symptoms (*e.g.*, pain), that may reasonably be attributed to a medically determinable impairment. Robbins v. Social Security Administration, 466 F.3d 880, 883 (9th Cir. 2006) (citations omitted); see 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (residual functional capacity is assessed "based on all of the relevant evidence in [the] case record"). If an RFC assessment conflicts with an opinion from a medical source, the ALJ "must explain why the opinion was not adopted." SSR 96-8p; see also Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (an ALJ must explain the rejection of uncontroverted medical evidence, as well as significant probative evidence).

### B. Pertinent Facts

On April 18, 2016, K.J. Loomis, DO, Psychiatrist, a State agency medical consultant, opined that plaintiff "is capable of understanding, remembering and carrying out simple one to two step (unskilled) tasks;" "maintain[ing]

concentration, persistence and pace throughout a normal workday/workweek as related to simple/unskilled tasks;" "interact[ing] adequately with coworkers and supervisors but may have difficulty dealing with the demands of general public contact;" and "mak[ing] adjustments and avoid[ing] hazards in the workspace." (AR 76).

On July 13, 2016, L.O. Mallare, MD, a State agency medical consultant, affirmed Dr. Loomis's opinion on reconsideration, finding plaintiff capable of simple repetitive tasks with limited public contact. (AR 107).

The ALJ gave "great weight" to the opinions of Dr. Loomis and Dr. Mallare, finding them "consistent with the other evidence of record as a whole." (AR 28).

### C. Analysis

Here, the relevant question is whether there is an inconsistency between Dr. Loomis's limitation to "simple one to two step (unskilled) tasks" and the ALJ's RFC assessment limiting plaintiff to "simple repetitive tasks," and if so, whether the ALJ was required to address such inconsistency.

A limitation to "simple one to two step (unskilled) tasks" and a limitation to "simple repetitive tasks" are not the same. See, e.g., Perez v. Berryhill, 2018 WL 1918539, at *2 (C.D. Cal. Apr. 23, 2018) (finding limitation to "simple 1-2 step tasks" and "simple, routine tasks" "not equivalent"); Garcia v. Colvin, 2016 WL 6304626, at *6 (C.D. Cal. Oct. 27, 2016) (noting a "material difference between 'simple, repetitive tasks' and 'easy 1, 2 step directions'"). A limitation to "simple one to two step (unskilled) tasks" is more restrictive, as such a limitation is typically consistent with Level One reasoning jobs, and a limitation to "simple repetitive tasks" is typically consistent with Level Two reasoning jobs. See Rounds, 807 F.3d at 1003 (holding that a limitation to "one-and two-step tasks" conflicts with the demands of Level Two reasoning"); Abrew v. Astrue, 303 F. App'x 567, 569 (9th Cir. 2008) (finding no conflict between ALJ's determination

7

that claimant could complete "simple tasks" and vocational expert's testimony that claimant could perform jobs requiring Level Two reasoning); Grigsby v. Astrue, 2010 WL 309013, at *2 (C.D. Cal. Jan. 22, 2010) ("Level 2 reasoning jobs may be simple, but they are not limited to one-or two-step instructions. The restriction to jobs involving no more than two-step instructions is what distinguishes Level 1 reasoning from Level 2 reasoning."); see also Perez, 2018 WL 1918539, at *2; Garcia, 2016 WL 6304626, at *6. Thus, the ALJ's RFC limitation to simple repetitive tasks is inconsistent with Dr. Loomis's limitation to "simple one to two step (unskilled) tasks," which the ALJ rejected without explanation.

Defendant argues that it was not error for the ALJ to choose Dr. Mallare's opinion that plaintiff could perform simple repetitive tasks over Dr. Loomis's opinion that plaintiff could perform "simple one to two step (unskilled) tasks." (Defendant's Motion at 3). The problem with this argument is that the ALJ gave both opinions "significant weight" and did not appear to recognize any difference between Dr. Loomis's limitations and Dr. Mallare's limitations. Given that the RFC conflicted with Dr. Loomis's opinion, the ALJ was required to explain why he rejected the limitation to "simple one to two step (unskilled) tasks." See SSR 96-8p.

The ALJ's failure to explain the conflict was not harmless. The vocational expert testified that plaintiff could perform the jobs of mail sorter, a Level Three reasoning job, bench assembler, and swatch clerk, Level Two reasoning jobs. (AR 59; DICOT Nos. 209.687-026, 706.684-022, 222.587-050). None of these jobs is consistent with "simple one to two step (unskilled) tasks." See Rounds, 807 F.3d at 1003. Accordingly, a remand is warranted. See Jones v. Berryhill, 2018 WL 3689560, at *3 (C.D. Cal. July 31, 2018) (remanding where ALJ failed to explain why RFC assessment for "simple, routine tasks" did not account for State agency opinion that claimant could understand, remember, and carry out two-step commands, despite ALJ's apparent acceptance of the opinion); Perez, 2018 WL

1918539, at *3 (remanding where ALJ failed to explain why RFC assessment for "simple, routine tasks" did not account for State agency opinion that claimant was limited to one and two-step instruction work, despite ALJ's apparent acceptance of the opinion); Garcia, 2016 WL 6304626, at *7 (remanding where ALJ failed to explain rejection of State agency opinion that plaintiff was limited to "easy 1, 2 step directions" and ALJ "conflated that specific limitation into [an RFC for] "simple repetitive tasks"); see also Wilson v. Colvin, 2017 WL 1861839, at *6 (N.D. Cal. May 9, 2017) ("Following Rounds, a number of district courts in this Circuit have reversed ALJ decisions imposing a 'simple, repetitive tasks' RFC limit where the ALJs fail to address and distinguish conclusions by doctors that claimants can perform one-and-two step instructions." (collecting cases)).[5]

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is REVERSED and this matter is REMANDED for further administrative action consistent with this Opinion.[6]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 18, 2019

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[5]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[6]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted); Treichler, 775 F.3d at 1099 (noting such "ordinary remand rule" applies in Social Security cases) (citations omitted).

9